**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:13-cv-00105 |
| v. | ) | |
| | ) | |
| HEARTHWARE, INC. F/K/A IBC-HEARTHWARE, INC. AND D/B/A HEARTHWARE HOME PRODUCTS, INC.; | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| and | ) | |
| | ) | |
| MORNINGWARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | )_____ | |
| | ) | |
| HEARTHWARE, INC. F/K/A IBC-HEARTHWARE, INC. AND D/B/A HEARTHWARE HOME PRODUCTS, INC., | ) ) ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |

**DEFENDANT/COUNTERCLAIM PLAINTIFF HEARTHWARE, INC.'S ANSWER AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO HARTFORD CASUALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Defendant/Counterclaim Plaintiff Hearthware, Inc. f/k/a IBC-Hearthware, Inc. and d/b/a Hearthware Home Products, Inc. ("Hearthware"), by and through its attorneys, and for its Answer and Affirmative Defenses to Hartford Casualty Insurance Company's ("Hartford's") Complaint for Declaratory Judgment, states as follows:

1

1891765

## STATEMENT OF THE CASE

1.    The allegations contained in paragraph 1 regarding the type of legal action purportedly asserted in Hartford's Complaint and requested relief call for a legal conclusion, and, therefore, no answer is required. To the extent that an answer is required, Hearthware denies same.

## PARTIES

2.    Admitted.

3.    Hearthware admits that it is an Illinois corporation. Hearthware denies that its principal place of business is in Gurnee, Illinois. Rather, Hearthware's principal place of business is in Libertyville, Illinois.

4.    Hearthware admits that Defendant Morningware, Inc. ("Morningware") is an Illinois corporation with its principal place of business in Illinois. Hearthware lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 and, therefore, denies same.

## JURISIDCTION AND VENUE

5.    The allegations contained in paragraph 5 call for a legal conclusion, and, therefore, no answer is required. To the extent that an answer is required, Hearthware denies same.

6.    Hearthware admits that it does business within this District and is principally located here. Hearthware admits that this case involves a claim of coverage under certain insurance policies issued within this District. The remaining allegations contained in paragraph 6 call for a legal conclusion, and, therefore, no answer is required. To the extent that an answer is required, Hearthware denies same.

## **FACTUAL BACKGROUND**

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Hearthware admits to filing a complaint against Morningware on or about August. 10, 2009.    Further answering, Hearthware's complaint (which includes claims for patent infringement, trade dress infringement under the Lanham Act, violation of the Illinois Uniform Deceptive Trade Practices Act, and violation of the Illinois Common Law of Unfair Competition) speaks for itself and is not limited to "patent infringement claims."

12.     Admitted.

13.     Hearthware admits that Morningware filed an answer and counterclaim against Hearthware on or about September 21, 2009, which is attached as Exhibit B to Hartford's Complaint.    Further answering, Morningware's counterclaim (which includes claims for declaratory relief and tortious interference with prospective economic advantage, among others) speaks for itself and does not only concern "the patent claims."

14.     Hearthware admits that Morningware filed a First Amended Counterclaim against Hearthware on or about November 18, 2009, which is attached as Exhibit C to Hartford's Complaint.    Further answering, Morningware's First Amended Counterclaim (which includes claims for declaratory relief and tortious interference with prospective economic advantage, among others) speaks for itself and does not solely relate "to the patent claims asserted in Hearthware's counterclaim."

15.     Hearthware admits that Morningware filed a First Amended Complaint against Hearthware on or about November 4, 2011, which is attached as Exhibit D to Hartford's Complaint.   Further answering, Morningware's First Amended Complaint (which includes claims for Common Law Unfair Competition and Commercial Disparagement, among others) speaks for itself and does not solely relate to the "alleged illegal use of Morningware's trademark."

16.     Hearthware admits that it sent written correspondence to Hartford on or about October 19, 2012 claiming coverage as an insured under certain Hartford policies with respect to the Morningware litigation.   Hearthware has had turnover in personnel over the last several years and is investigating its prior communications with Hartford, Hartford's independent insurance agent, and/or other Hartford representatives regarding coverage or potential coverage of the claims/counterclaims asserted against Hearthware in the Morningware litigation under certain Hartford policies. As a result, Hearthware lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 that this was allegedly "Hartford's first notice from Hearthware that Hearthware was being sued or that Hearthware was claiming coverage as Hartford's putative insured," and, therefore, Hearthware denies this allegation.

17.     Denied. Further answering, Morningware's counterclaim (Exhibits B and C of Hartford's Complaint) is not limited to a "patent counterclaim" as Morningware also has asserted a counterclaim for tortious interference, which is premised on allegations that Hearthware improperly filed a lawsuit against Morningware without proper investigation (i.e., malicious prosecution) and made wrongful statements to customers and prospective customers about, among other things, Morningware's unlawful marketing practices, Morningware's products, and

the validity of Hearthware's patent. (Ex. C to Hartford's Complaint, ¶¶ 101-102).   Further answering, Hearthware' correspondence to Hartford dated October 19, 2012 (attached as Exhibit E to Hartford's Complaint) did not limit the coverage request to only the claims asserted by Morningware against Hearthware in the First Amended Complaint. Rather, in the October 19, 2012 correspondence, Hearthware specifically sought Hartford's acknowledgement that Hartford owes a "duty to defend and, if the issue becomes relevant, indemnify Hearthware *with regard to the Lawsuit….*" (emphasis added).  In subsequent correspondence to Hartford dated February 26, 2013, Hearthware further clarified that it is requesting that Hartford defend Hearthware, indemnify Hearthware if necessary, and reimburse Hearthware for all attorneys' fees, costs, and legal expenses previously incurred that relate to the defense of *all claims and counterclaims* asserted against Hearthware in the Morningware lawsuit, including, but not limited to, all counterclaims asserted by Morningware in the lawsuit (as specifically referenced in Exhibits B and C of Hartford's Declaratory Judgment Complaint).   Further answering, Hearthware is investigating its prior communications with Hartford, Hartford's independent insurance agent, and/or other Hartford representatives regarding coverage or potential coverage of the claims/counterclaims asserted against Hearthware in the Morningware litigation under certain Hartford policies, as Hearthware may have tendered the Morningware counterclaims (in addition to the Morningware claims) even well before the October 2012 correspondence.

18.    Admitted.

19.    The allegations contained in paragraph 19 regarding the content of various provisions in the Hartford policies at Exhibits F, G, and H of Hartford's Complaint (collectively "Hartford Policies") call for legal conclusions and the Hartford Policies speak for themselves.

Therefore, no answer is required to the allegations contained in paragraph 19.  To the extent that an answer is required, Hearthware denies same.

20.     The allegations contained in paragraph 20 regarding the content of various provisions in the Hartford Policies call for legal conclusions and the Hartford Policies speak for themselves.  Therefore, no answer is required to the allegations contained in paragraph 20.  To the extent that an answer is required, Hearthware denies same.

21.     The allegations contained in paragraph 21 regarding the content of various provisions in the Hartford Policies call for legal conclusions and the Hartford Policies speak for themselves.  Therefore, no answer is required to the allegations contained in paragraph 21.  To the extent that an answer is required, Hearthware denies same.

22.     The allegations contained in paragraph 22 regarding the content of various provisions in the Hartford Policies call for legal conclusions and the Hartford Policies speak for themselves.  Therefore, no answer is required to the allegations contained in paragraph 22.  To the extent that an answer is required, Hearthware denies same.

23.     Admitted.

24.     Admitted.

## COUNT I

### Alleged Breach of Notice Condition

25.     Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 24 above as if fully set forth herein.

26.     The allegations contained in paragraph 26 call for a legal conclusion, and, therefore, no answer is required.   Further, the Hartford Policies speak for themselves.  To the extent that an answer is required, Hearthware denies same.

27.     Hearthware lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 and, therefore, denies same.

28.     Denied.

29.     Denied.

WHEREFORE, having fully answered Count I of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II

### <u>"Bodily Injury" or "Property Damage" Caused by an "Occurrence"</u>

30.     Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 29 above as if fully set forth herein.

31.     The allegations contained in paragraph 31 call for a legal conclusion, and, therefore, no answer is required.   Further, the Hartford Policies speak for themselves.   To the extent that an answer is required, Hearthware denies same.

32.     The allegations contained in paragraph 32 call for a legal conclusion, and, therefore, no answer is required.   Further, the Morningware suit (including Morningware's First

Amended Complaint and First Amended Counterclaim) speaks for itself. To the extent that an answer is required, Hearthware denies same.

33. Denied.

WHEREFORE, having fully answered Count II of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III

### "Personal and Advertising Injury"

34. Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

35. The allegations contained in paragraph 35 call for a legal conclusion, and, therefore, no answer is required. Further, the Hartford Policies speak for themselves. To the extent that an answer is required, Hearthware denies same.

36. The allegations contained in paragraph 36 call for a legal conclusion, and, therefore, no answer is required. Further, the Morningware suit (including Morningware's First Amended Complaint and First Amended Counterclaim) speaks for itself. Further answering,

Hearthware admits that at least some of the claims (and counterclaims) in the Morningware suit asserted by Morningware against Hearthware allege claims for "damages" because of "personal and advertising injury" as those terms are defined and used in the Hartford Policies. Unless expressly admitted, Hearthware denies all allegations in paragraph 36.

37. Denied.

WHEREFORE, having fully answered Count III of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT IV

### Coverage Outside Policy Periods

38. Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39. The allegations contained in paragraph 39 call for a legal conclusion, and, therefore, no answer is required. Further, the Hartford Policies speak for themselves. To the extent that an answer is required, Hearthware denies same.

40. Denied.

WHEREFORE, having fully answered Count IV of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT V

### Intellectual Property Exclusion

41.     Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 40 above as if fully set forth herein.

42.     The allegations contained in paragraph 42 call for a legal conclusion, and, therefore, no answer is required.   Further, the Hartford Policies speak for themselves.   To the extent that an answer is required, Hearthware denies same.

43.     Denied.

44.     Denied.

WHEREFORE, having fully answered Count V of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must

indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VI

### Unauthorized Use of Another's Name or Product Exclusion

45. Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 45 above as if fully set forth herein.

46. The allegations contained in paragraph 46 call for a legal conclusion, and, therefore, no answer is required. Further, the Hartford Policies speak for themselves. To the extent that an answer is required, Hearthware denies same.

47. Denied.

48. Denied.

WHEREFORE, having fully answered Count VI of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's

attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VII

## Material Published Prior to Policy Period Exclusion

49.     Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

50.     The allegations contained in paragraph 50 call for a legal conclusion, and, therefore, no answer is required.   Further, the Hartford Policies speak for themselves. To the extent that an answer is required, Hearthware denies same.

51.     Hearthware admits that an exhibit to Morningware's First Amended Complaint shows certain alleged search engine results dated June 18, 2009.   Hearthware denies the allegations contained in paragraph 51 to the extent not expressly admitted.

52.     Hearthware lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 and, therefore, denies same.  Further answering, the allegations in the Complaint are not limited to alleged wrongful acts that occurred in 2009.  Further answering, any allegations of wrongful acts committed by Hearthware in 2009 would be covered by the Hartford policies, which became effective on January 30, 2008 and provided coverage through at least February 6, 2010.

53.     The allegations contained in paragraph 53 call for a legal conclusion, and, therefore, no answer is required.   Further, the Hartford Policies speak for themselves.   To the extent that an answer is required, Hearthware denies same.

54.     Denied.

WHEREFORE, having fully answered Count VII of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VIII

### Expected or Intended Injury Exclusion

55.     Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 55 above as if fully set forth herein.

56.     The allegations contained in paragraph 56 call for a legal conclusion, and, therefore, no answer is required.   Further, the Hartford Policies speak for themselves. To the extent that an answer is required, Hearthware denies same.

57.     Denied.

58.     Denied.

WHEREFORE, having fully answered Count VIII of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must

indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

**COUNT IX**

**Knowledge of Falsity Exclusion**

59.     Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 58 above as if fully set forth herein.

60.     The allegations contained in paragraph 60 call for a legal conclusion, and, therefore, no answer is required.   Further, the Hartford Policies speak for themselves.   To the extent that an answer is required, Hearthware denies same.

61.     Denied.

62.     Denied.

WHEREFORE, having fully answered Count IX of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's

14

attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT X

### Quality or Performance of Goods—Failure to Conform to Statements Exclusion

63.     Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 62 above as if fully set forth herein.

64.     The allegations contained in paragraph 64 call for a legal conclusion, and, therefore, no answer is required.   Further, the Hartford Policies speak for themselves.   To the extent that an answer is required, Hearthware denies same.

65.     Denied.

66.     Denied.

WHEREFORE, having fully answered Count X of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT XI

### Damages

67.     Hearthware restates and incorporates herein by reference its previous responses to the allegations contained in paragraphs 1 through 66 above as if fully set forth herein.

68.     The allegations contained in paragraph 68 call for a legal conclusion, and, therefore, no answer is required.   Further, the Hartford Policies speak for themselves.   To the extent that an answer is required, Hearthware denies same.

69.     Denied.

70.     Denied.

WHEREFORE, having fully answered Count XI of Hartford's Claim for Declaratory Relief, Hearthware respectfully requests that this Court deny Hartford's requested declaratory relief in its entirety, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since its commencement, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying Morningware litigation and to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

Hearthware asserts the following affirmative and other defenses and also incorporates herein any previously asserted defenses as well as all allegations set forth in the Counterclaim below.  Each defense applies to all of Hartford's claims unless otherwise noted.  By setting forth

these defenses, Hearthware does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Hartford. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Hartford's allegations. Hearthware reserves the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this case.

### First Affirmative Defense

Hartford has failed to state any claim upon which relief may be granted.

### Second Affirmative Defense

Hartford's claims are barred by the doctrines of waiver, laches, unclean hands, and/or estoppel because, among other reasons, to the extent that Hartford has refused to defend or indemnify Hearthware in the underlying litigation because of any alleged improper or untimely notice by Hearthware, Hartford is barred from raising such a defense to coverage because Hartford had actual notice of the underlying Morningware litigation as well as the fact that the claims/counterclaims asserted against Hearthware were potentially covered under the Hartford Policies shortly after the lawsuit was filed in August 2009. Indeed, Hartford received notice of the underlying litigation in August 2009 and has participated directly in the litigation since that time in defending Morningware with respect to Hearthware's counterclaim under a policy that is, upon information and belief, similar to the Hartford Policies that cover Hearthware. Upon information and belief, Hartford's internal records, documents, and correspondence will further confirm that it was aware of the Hartford Policies covering Hearthware since the commencement of the underlying litigation in 2009 and certainly had sufficient information to locate and defend the suit on behalf of Hearthware since that time, regardless of when it received formal notice of

17

potential coverage from Hearthware. In addition, on information and belief, Hartford agents and representatives, including Clow Insurance Agency, Inc., may have become aware (through either communications with Hearthware's internal personnel or otherwise) of the Morningware litigation and the potential coverage of the claims/counterclaims being asserted against Hearthware under the Hartford Policies shortly after the litigation commenced and such knowledge by Hearthware's agents and representatives is imputed directly on Hartford.

## HEARTHWARE'S COUNTERCLAIM

Hearthware, Inc., by and through its undersigned counsel, and for its Counterclaim against Counterclaim Defendant Hartford, states as follows:

### The Parties

1.      Hearthware, Inc. is an Illinois corporation in good standing with its principal place of business located at Libertyville, Illinois.

2.      Hartford Casualty Insurance Company ("Hartford") is an Indiana corporation with its principal place of business located in Connecticut. Hartford is licensed and authorized to do business in the State of Illinois.

### Jurisdiction and Venue

3.      Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.      This Court has personal jurisdiction over Hartford because, among other things, it has offices and/or agents located in this judicial district and has performed sufficient acts within this judicial district, thereby subjecting itself to the laws of this district.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) because, among other things, a substantial part of the events or omissions giving rise to Hearthware's claims occurred in this judicial district.

### Facts Common To All Counts

6.     On or about 2008, IBC-Hearthware, Inc. purchased a Commercial General Liability Policy No. 833 SBA PP3789 from Hartford with an effective date of January 30, 2008, which was subsequently renewed two times prior to being cancelled effective February 6, 2010.

7.     The three Hartford policies at issue are found at Exhibits F, G, and H, respectfully, of Hartford's Complaint (hereinafter the "Hartford Policies" or the "Policies"). IBC-Hearthware, Inc. (the named insured under the Policies) changed its name to Hearthware, Inc. in 2011.  Hearthware, Inc. f/k/a IBC-Hearthware, Inc. and d/b/a Hearthware Home Products, Inc. is referred to herein as "Hearthware."

8.     The Hartford Policies are "occurrence" policies.

9.     Under the Policies, Hartford promises that it "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury,' 'property damage' or '*personal and advertising injury*' to which this insurance applies.  [The insurer] will have the *right and duty to defend* the insured against any 'suit' seeking those damages."  (Policies, Doc. 1-7 [Ex. F-1],[1] at A(1)(a)) (emphasis added).

10.     The "insurance applies….[t]o 'personal and advertising injury' caused by an offense arising out of your business, but only if the offense was committed in the 'coverage territory' during the policy period."  (Policies, Doc. 1-7, at A(1)(b)(2)).

---

[1] Unless otherwise noted, all citations to the Policies refer to the "Business Liability Coverage Form" found at Doc. 1-7 (pages 4-27).

11.     "Personal and advertising injury" is defined (in relevant part) as "injury . . . arising out of one or more of the following offenses…*[o]ral, written or electronic publication of material* that slanders or libels a person or organization *or disparages a person's or organization's goods, products or services*[.]"   (Policies, Doc. 1-7, at G(17)(d)) (emphasis added).

12.     The Policies provide for $1 Million in coverage for "personal and advertising injury" with a general aggregate limit of $2 Million.  (Policies, Doc. 1-6, at p. 30 [of 63]).  In addition, a separate Umbrella coverage contains limits of $4 Million for each occurrence with a $4 Million aggregate limit.

13.     Hearthware manufactures and sells many different consumer goods, including kitchen appliances such as the NuWave Oven.

14.     Morningware, Inc. ("Morningware"), a competitor of Hearthware, sells a variety of consumer products, such as counter-top electric ovens.

15.     On or about July 20, 2009, Morningware filed a lawsuit against Hearthware in the Northern District of Illinois, Case No. 1:09-cv-04348.

16.     Hearthware waived service of process on August 4, 2009 and attorneys entered their appearance on behalf of Hearthware on August 12, 2009.

17.     On or about August 10, 2009, Hearthware also filed a separate action against Morningware in the Northern District of Illinois, which was immediately consolidated with the Morningware litigation (Case No. 1:09-cv-04348) on or about August 26, 2009.  (*See* Ex. B of Hartford's Complaint).   The consolidated action is referred to herein as the "Morningware litigation" or the "underlying litigation."

18.     On or about November 4, 2011, Morningware filed a First Amended Complaint against Hearthware.  (*See* Ex. D of Hartford's Complaint).

19.     On or about November 18, 2011, Morningware filed a First Amended Counterclaim against Hearthware (in response to Hearthware's claims).  (*See* Ex. C of Hartford's Complaint).

20.     In order to determine whether an insurer's duty to defend an insured has arisen, the court must compare the allegations of the underlying complaint to the policy language.

21.     Morningware's First Amended Complaint and First Amended Counterclaim asserted in the underlying litigation are the operative complaints for purposes of determining whether the claims/counterclaims asserted by Morningware triggered Hartford's duty to defend Hearthware under the Policies.

22.     In the First Amended Complaint, Morningware alleges that Hearthware disparaged Morningware's products dating back to approximately the summer of 2009 by indirectly referring to them as "Imitations" in certain web advertisements and promotions.

23.     The first count asserted by Morningware against Hearthware is for Unfair Competition pursuant to the Lanham Act (15 U.S.C. § 1125(a)) in that "Hearthware's unlawful acts are [allegedly] likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Hearthware with Morningware as to origin, sponsorship, or approval of Hearthware's products."  (Ex. D to Hartford's Complaint, ¶ 44).

24.     Morningware's second count is for Product Disparagement under the Lanham Act (15 U.S.C. § 1125(a)(1)(B)) in that "Hearthware [allegedly] made material misrepresentations or misdescriptions of fact about the nature or character of Morningware's products", which were made "in the context of commercial advertising or promotion."  (*Id.*, ¶¶ 49; 51).

25.     Morningware's third count is for violation of the Deceptive Trade Practices Act of Illinois.  This third count alleges, among other things, that "[t]he advertising and promotion noted above constitute representations made by Hearthware regarding the characteristics of the Morningware products, which causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services" and "disparages Morningware's products by falsely representing that Morningware's products are 'Imitations.'" (*Id.*, ¶¶ 55; 56).

26.     Morningware's fourth count is for Common Law-Unfair Competition based on similar alleged conduct.  (*Id.*, ¶¶ 60-64).

27.     Morningware's fifth count is for Common Law Commercial Disparagement based on, among other things, Hearthware's actions in allegedly disparaging Morningware's "products as fakes."  (*Id.*, ¶ 66).

28.     In counts six through eight,[2] Morningware seeks certain declaratory relief relating to patents held by Hearthware.  (Ex. C of Hartford's Complaint).

29.     In its ninth count, Morningware asserts a claim for Tortious Interference with Prospective Economic Advantage.  This claim is premised on, among other things, Hearthware's alleged actions in improperly filing suit "without properly investigating Morningware's products" (i.e., malicious prosecution) and other "wrongful conduct" allegedly engaged in by Hearthware, including, but not limited to, Hearthware's "statements to customers and prospective customers" that "Morningware is unlawfully marketing the counter-top ovens" and that "the counter-top ovens Morningware provides to its customers are 'imitations'" or "not as useful as Hearthware's counter-top ovens."  (*Id.*, ¶¶ 101-102).

---

[2] Counts Six through Ten were asserted by Morningware in its Counterclaim (Ex. C of Hartford's Complaint).

30.     Morningware's ninth count is not limited to alleged statements made by Hearthware in web advertising or though Google AdWords or similar programs.

31.     Morningware seeks monetary damages (including lost profits) against Hearthware in the lawsuit.   (*See, e.g.*, *id.*, at pp. 24-25, ¶¶ L-N).

32.     The claims/counterclaims asserted by Morningware against Hearthware in the underlying litigation are covered under the Policies and Hartford has a duty to defend and indemnify Hearthware in the underlying litigation.

33.     If the underlying complaints allege several theories of recovery against the insured, the insurer's duty to defend arises even if only one such theory is within the potential coverage of the policy.

34.     There are multiple claims asserted by Morningware in the underlying litigation that fall within the potential coverage of the Policies.

35.     As an initial matter, "personal and advertising injury," as covered under the Policies, extends to an offense for "malicious prosecution."   (Policies, Doc. 1-7, at G(17)(b)). The ninth count asserted by Morningware, as set forth above, is premised in part on Hearthware's alleged action in improperly filing a suit against Morningware without sufficient basis or cause, which makes this claim covered or at least potentially covered under this provision of the Policies.

36.     In addition, "personal and advertising injury" is separately defined to include "injury . . . arising out of one or more of the following offenses…*[o]ral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services[.]*"   (*Id.*, at G(17)(d)) (emphasis added).

37.     Most, if not all, of Morningware's claims/counterclaims are premised on alleged oral, written, or electronic statements by Hearthware that disparaged Morningware or its products.

38.     Indeed, Morningware has asserted a common law disparagement claim (Count Five), as well as claims for violation of the Deceptive Trade Practices Act of Illinois (Count Three), common law unfair competition (Count Four), and tortious interference (Count Nine) based in part on allegedly disparaging statements in both Hearthware's advertisements and in Hearthware's other communications with the customers and prospective customers of Morningware.

39.     As a result, Morningware has asserted one or more claims/counterclaims against Hearthware that are covered or potentially covered by the Hartford Policies, thereby triggering Hartford's duty to defend.

40.     Although Hartford has attempted to rely on various exclusions in denying coverage, none of these exclusions, which are strictly construed against Hartford, apply in this case that would negate Hartford's duty to defend.

41.     Hearthware has complied with all of its obligations under the Policies, and with all conditions precedent to coverage under the Policies.

42.     Hearthware's agent under the Hartford Policies is Clow Insurance Agency, Inc., which, upon information and belief, was an approved insurance agent of Hartford at all relevant time.

43.     Given that Hearthware has had turnover of personnel who handled various insurance issues and has moved physical locations since the Morningware litigation commenced,

Hearthware is still investigating its prior notices to and communications with its insurance agent as well as potentially others regarding claims for potential coverage under the Policies.

44.     Hearthware is investigating whether Hartford had direct notice, by and through Hartford's approved independent insurance agent (as well as potentially other persons), as early as 2009 or at other times that the underlying litigation included claims against Hearthware that were at least potentially covered by the Policies.

45.     In addition, Hartford itself was directly notified of the Morningware litigation in August 2009 when it began defending Morningware in the litigation under a separate policy issued to Morningware.

46.     Hartford personnel have been substantially involved in the Morningware litigation since its commencement, including attending settlement conferences with Hearthware's counsel.

47.     Hartford has been aware that it is paying for the defense and prosecution of a lawsuit against its own insured, Hearthware, since the very beginning of the litigation.  Indeed, the caption of the lawsuit refers to "IBC-Hearthware, Inc.", which is the named insured under the Hartford Policies.

48.     Hearthware also provided a direct written request for a defense from Hartford in October 2012, which was less than one year after amended complaints and counterclaims were filed.

49.     Regardless, Hartford had actual notice of the Morningware litigation in August 2009 when it was filed, and Hartford has had sufficient information to locate and defend the suit on behalf of Hearthware pursuant to the Hartford Policies since that time based on the foregoing, which will be developed further in discovery.

50. Hartford certainly was not prejudiced by any purported late notice of the lawsuit. Given that Hartford has already been representing and defending the adverse party (Morningware), Hartford has no right or ability to select counsel or control the litigation or defense strategy in any respect on behalf of Hearthware due to the clear conflict of interest. Rather, Hartford is simply liable to Hearthware under the Policies for the attorneys' fees and other costs and expenses incurred by Hearthware to date in the underlying litigation.

51. To date, Hearthware has incurred approximately $1 Million in attorneys' fees and other expenses in the underlying litigation.

52. As of the present date, Hartford has failed to accept coverage.

## COUNT I
### (Breach of Contract)

53. The allegations contained in paragraphs 1 through 52 are restated and incorporated by reference as if fully set forth herein.

54. The Policies constitutes a binding contract of insurance between Hearthware and Hartford, issued and delivered in Illinois to Hearthware.

55. The claims/counterclaims asserted by Morningware against Hearthware in the underlying litigation are covered under the Policies and Hartford has a duty to defend and indemnify Hearthware in the underlying litigation.

56. Hearthware has complied with all of its obligations under the Policies and with all conditions precedent to coverage under the Policies.

57. Hartford breached its obligation to Hearthware under the Policies by refusing to provide coverage, and by refusing to defend and indemnify Hearthware in connection with the underlying Morningware litigation.

58.     As a direct and proximate cause of Hartford's breach of its obligations under the Policies, Hearthware has suffered and continues to suffer damages.

WHEREFORE, Counterclaim Plaintiff Hearthware prays that the Court enter Judgment in its favor and against Counterclaim Defendant Hartford on Count I of Hearthware's Counterclaim, in an amount to be proven at trial, plus prejudgment interest, for an award of all of its attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
### (Declaratory Judgment)

59.     The allegations contained in paragraphs 1 through 58 are restated and incorporated by reference as if fully set forth herein.

60.     There is an actual case or controversy between the parties regarding whether Hartford has a duty under the Policies to provide coverage and to defend and indemnify Hearthware in the underlying litigation.

61.     Hearthware has incurred and continues to incur defense costs (including attorneys' fees, costs, and other legal expenses) related to the underlying litigation.

62.     The amount of defense costs incurred by Hearthware has not yet reached or exceeded the coverage limit of the Policies.

63.     Hartford has a duty under the Policies to pay defense costs (including attorneys' fees, costs, and other legal expenses) already incurred and those not yet incurred by Hearthware in the underlying litigation, and to indemnify Hearthware to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation.

64.     Hartford has refused all coverage of the underlying litigation under the Policies.

WHEREFORE, Counterclaim Plaintiff Hearthware prays that the Court enter Judgment in its favor and against Counterclaim Defendant Hartford on Count II of Hearthware's Counterclaim, enter an order declaring that Hartford has a duty to defend Hearthware in the underlying litigation since the commencement of the litigation, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware has paid or will pay defense costs (including attorneys' fees, costs, and other legal expenses) relating to the underlying litigation, enter an order declaring that Hartford must indemnify and reimburse Hearthware to the extent Hearthware incurs liability on claims/counterclaims asserted against Hearthware in the underlying litigation, for an award of all of Hearthware's attorneys' fees, costs and other legal expenses incurred in this litigation, and for such other and further relief as this Court deems just and proper under the circumstances.

## **<u>JURY TRIAL DEMAND</u>**

Hearthware hereby demands a trial by jury on all claims and counterclaims for which it has such a right, including with respect to the resolution of any factual issues at issue in the declaratory judgment claims and counterclaim pursuant to Rules of Federal Civil Procedure 57, 38, 39, or other applicable law.

Dated:  <u>March 1, 2013</u>                          Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**


<u>            /s/ David B. Helms            </u>
David B. Helms, IL#6244546
Derick C. Albers, IL#6298198 (admission to the
Northern District of Illinois pending)
600 Washington Ave., Ste. 2500
St. Louis, Missouri  63101
Telephone: (314) 444-7600
Facsimile:  (314) 241-6056

***Attorneys for Hearthware, Inc.***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing has been served this 1st day of March, 2013, via the

CM/ECF system with the Clerk of the Court, and copies will be served electronically to all

participants in the case who are registered CM/ECF users.


_____/s/ David B. Helms_____